NO. 07-00-0586-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 17, 2002

_____

NATHANIEL VONTRE GREEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 208TH DISTRICT COURT OF HARRIS COUNTY;

NO. 857,561; HON. DENISE COLLINS, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Through two points, appellant Nathaniel Vontre Green challenges his conviction for aggravated robbery. He alleges that 1) the trial court erred in denying his motion to suppress his in-court identification as the assailant and 2) the evidence was insufficient because the State failed to properly corroborate the testimony of an accomplice. Finding no reversible error, we affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 2002).

**Background**

The victim, Henry Lewis, arrived in the United States from Austria in June 1998 and visited a friend, Peter Olaolu, who lived in Houston. On June 19, Lewis went shopping and spent almost $4,000. He was accompanied by Olaolu and Michelle Spencer, who was Olaolu's friend. All three returned to Olaolu's apartment and ate dinner together. Around 11:00 p.m., Olaolu told Lewis he was taking Spencer home and going to work. Olaolu returned around 7:30 the next morning and went to bed. Later, Spencer knocked on the apartment door around 11:00 a.m. but left after being told by Lewis that Olaolu was sleeping. She returned several minutes later. Lewis opened the door for her and returned to the couch to lie down.

Next, a gunman later identified as appellant, and a second man entered the room. Appellant pointed a shotgun at Lewis's face and told Lewis to lie down and avoid looking at him. So too did the gunman demand to know the location of Lewis's money. Apparently because Lewis would not divulge the information, appellant struck Lewis with the shotgun. Lewis eventually relented and disclosed the location of his money. Thereafter, appellant, Spencer, and the second individual took various personal items and $3000 from Lewis. Upon completing the robbery and as he left the abode, appellant shot Lewis.

Following treatment at a Houston hospital, Lewis returned to Austria. In June 1999, the Harris County District Attorney's Office made arrangements to have a photo spread containing appellant's picture along with five others presented to Lewis at the American Embassy in Vienna, Austria, by a special agent. Lewis positively identified appellant from the photo spread.

2

***Point One – Motion to Suppress Identification***

In his first point, appellant contends that his in-court identification by Lewis was impermissibly tainted by the photo spread sent to and seen in Austria. According to appellant, this is so because Lewis allegedly had been told by investigators that he would be contacted once they had apprehended the individual who committed the offense. By informing Lewis of this, the investigators implicitly revealed to Lewis that appellant's picture would be in the photo spread, says appellant. This, in turn, tainted Lewis's in-court identification of appellant as one of the culprits. We overrule the point.

*Standard of Review*

Whether the trial court erred in overruling appellant's motion to suppress depends upon whether it abused its discretion. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In other words, appellant must show that the decision fell outside the zone of reasonable disagreement. *Burden v. State,* 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). Furthermore, to suppress an in-court identification because of a supposedly tainted photo spread, the movant must prove not only that the photographic display was impermissibly suggestive but also that the procedure utilized created a substantial likelihood of irreparable misidentification. *Barley v. State,* 906 S.W.2d 27, 33 (Tex. Crim. App. 1995), *cert. denied,* 516 U.S. 1176, 116 S. Ct. 1271, 134 L. Ed.2d 217 (1996).

*Application of Standard*

State's Exhibit No. 2 shows that Lewis signed the instructions to the photographic line-up which stated, among other things, that he was not to conclude that the photographs contained a picture of the person who committed the crime, that he was not obligated to

3

identify anyone, and that it was just as important to clear innocent persons from suspicion as to identify guilty parties. Lewis also testified that 1) he had read these instructions, 2) Special Agent Paul Pettit told him that he was to see if he could identify anyone in the array as the individual who shot him but, if unsure, avoid forcing himself to identify anyone, 3) he was positive in his identification of appellant, 4) his selection of appellant was based on his memory and not on the photos, 5) he could identify appellant as the one who shot him because he looked at appellant's face and gun during the incident, and 6) he remembered appellant's face. Lewis also denied that he had been told that a photo of the suspect was included in the spread. From this evidence, the trial court had basis to conclude that no one informed Lewis that appellant's picture was within the photo array, assuming *arguendo* that imparting such information would be improper. And, the statement which appellant considers pivotal mandates no other finding.

The statement in question concerned an investigator telling Lewis that if they "got the person or whatever, they would try to fly [him] to the United States." Prior to the foregoing statement being made, Lewis had been asked if he could identify the individual who shot him. Irrespective of whether it is read alone or in context, the comment said nothing about anyone sending a photo spread to Lewis. And, to the extent that nothing was said about a photo spread, it cannot be reasonably construed as suggesting that any photo spread which was sent would include a picture of the individual who the police believed committed the crime.

In short, we cannot reasonably conclude that the utterance about returning Lewis to the United States if and when the police "got the person or whatever" removes the trial court's refusal to grant the appellant's motion to suppress outside the zone of reasonable

4

disagreement. Thus, the trial court's decision was and is not an abuse of discretion. *See Montgomery v. State,* 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (stating that a decision does not constitute an abuse of discretion if it falls within the zone of reasonable disagreement).

### Point Two – Legal and Factual Sufficiency of the Evidence

Appellant next contends that the evidence was legally and factually insufficient to sustain his conviction. This is allegedly so because Lewis's testimony was inadmissible for reasons addressed under point one and, being inadmissible, it could not be used to corroborate the testimony of Spencer, appellant's accomplice. We overrule the point.

*Standard of Review*

The standards of review applicable to determining whether the evidence is legally and factually sufficient to support a conviction are well-settled. We do not reiterate them but rather refer the litigants to *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, L.Ed.2d 560 (1979), *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000), and *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) for explanations of same.

Next, article 38.14 of the Texas Code of Criminal Procedure provides that a conviction cannot be based upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). Thus, before Spencer's testimony could be used to sustain appellant's conviction, it had to be corroborated.

*Application of Standards*

As concluded under point one, Lewis's identification of appellant as the one who shot him while assisting in the robbery was admissible. Thus, it could be used to corroborate Spencer's testimony, assuming the latter was actually needed. And, more importantly, it corroborated her testimony that appellant had a shotgun, entered the abode, demanded money from Lewis, struck Lewis with the weapon, and then shot Lewis. This is a sufficient basis upon which to conclude that the evidence supporting appellant's conviction for aggravated robbery was legally and factually sufficient.

Accordingly, the judgment is affirmed. Pursuant to Rule 2 of the Rules of Appellate Procedure and in order to expedite the decision, we suspend the operation of Rule 39.9 of the Rules of Appellate Procedure to permit submission of the case prior to expiration of the 21-day notice provided for in that rule.

Per Curiam

Do not publish.